:LERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

MAR 0 2 2010

JOHN F. CORCORAN, CLERK
BY: /s/ _____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
### Charlottesville Division

Alf H. Hendricksen,
Evelyn G. Hendricksen,

§
§
§
§
§
§
§
§
§
§
§
§
§

Plaintiffs,

Case No.:  3:09-cv-00082 (NKM)

-vs-

COUNTRYWIDE HOME LOANS,
INC., et al.,

Defendants

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiffs Alf H. Hendricksen and Evelyn G. Hendricksen ("Plaintiffs"),

submit the foregoing memorandum of law in support of their opposition to the

Rule 12(b)(6) motion provided by Defendants Countrywide Home Loans, Inc.

("Countrywide"), and Mortgage Electronic Registration Systems, Inc.

("MERS")(collectively "Defendants").  Plaintiffs' claims are well pleaded,

sufficiently stated, and within the extended rescission right for three-years (3)

under 15 U.S.C. § 1635(f).

### Introduction

Plaintiffs sued Countrywide and MERS to enforce their substantive

rescission rights, cancel a security interest, and enforce statutory damages by way

of recoupment and set-off in a consumer credit transaction pursuant to violations of

the federal Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.*("TILA"), and its

1

implementing regulations at 12 C.F.R. § 226 *et seq.* (Reg. Z). Plaintiffs also seek recovery for violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA").

Countrywide and MERS filed a motion to dismiss for failure to state a claim upon which relief can be granted and waives any objection to this Court's personal jurisdiction, venue of the suit, service of process, or to this process itself. The basis for their argument is that Plaintiffs claims are barred by TILA's one-year statute of limitations, Plaintiffs did not plead detrimental reliance, and because Plaintiffs have not established facts that they are ready, willing, or able to tender an outstanding balance. In addition, they argue that TILA does not apply to MERS as a creditor or an assignee, and that Plaintiffs summarily fail to allege facts sufficient to state a claim.

Under the deferential standard of review to which Plaintiffs are entitled, they have adequately stated their claims based on these Defendants' failure to comply with federal law, rescission, a misapplication of mandatory notice requirements and *material* disclosure violations under TILA; Reg. Z, and their unlawful response to Plaintiffs' qualified written request ("QWR") under RESPA.

## **Legal Standard of Review**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the

merits of a claim, or the applicability of defenses." *Coleman v. Cram*, 2008 U.S. Dist. LEXIS 3597, at \*1-2 (E.D. Va. 2008) (citing *Republican Party of H.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). The issue raised by a Rule 12(b)(6) motion is whether the facts pleaded would, if established, support a valid claim for relief. *Neitzke v. Williams* (1989) 490 US 319, 328-329, 109 S. Ct. 1827, 1833; *Gilligan v. Jamco Development Corp.*, 108 F.3d 1370, 1374 (9th Cir. 1997); *Bernheim v. Litt*, 79 F3d 318, 321 (2nd Cir. 1996)("Recovery may seem remote and unlikely on the face of the pleading, but that is not the test for dismissal")

"A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson* (1957) 355 US 41, 45-46, 78 S. Ct. 99; and see *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984) (Only if no possible construction of the alleged facts will entitle plaintiff to relief should the court grant defendant's motion.)

When considering Defendant's motion, the Court must construe the factual allegations in the complaint in the light most favorable to Plaintiff. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) Moreover, the standard for dismissal incorporates and must be viewed in light of the simplified pleading standards embodied in the Federal Rules of Civil Procedure. See *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 152 L.Ed.2d 1

(2002).  According to Rule 8(a)(2), a complaint must set forth only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Such a statement is adequate so long as it "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 512 (quoting *Conley*, 355 U.S. at 47)

In this case, it cannot be said unequivocally that Plaintiffs are not entitled to a legal remedy for the TILA; Reg. Z, and RESPA violations.  Therefore, the Defendants' motion must be denied.

### Argument

**I.      Plaintiffs' Right to Rescind Is Timely And Sufficiently Stated**

Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving both the proper Notice of Right of Rescission and delivery of all *material* disclosures correctly made in a form the Plaintiffs may keep pursuant to 15 U.S.C. § 1635(a); Reg. Z § 226.23(a), and the three-day right is statutorily extended to three-years (3) due to the foregoing *material* failures under 15 U.S.C. § 1635(f); Reg. Z § 226.23(a)(3); See e.g., *Gaona v. Town & Country Credit*, 324 F.3d 1050, 1053 (8th Cir. 2003); *England v. MG Investments, Inc.*, 93 F. Supp. 2d 718 (S.D. W. Va. 2000); *Williams v. Gelt Financial Corp.*, (*In re Williams*), 232 B.R. 629 (Bankr. E.D. Pa. 1999) *aff'd*, 237 B.R. 590 (E.D. Pa. 1999); (Plaintiffs' Complaint ¶ 19, 20, and 21, Ex. 2)

Defendants' argument is that Plaintiff's claims are time barred under 15 U.S.C. § 1640(e) while misapplying the statutory provisions.  Defendants are confused by the date of occurrence of the violation as opposed to the violation to honor Plaintiffs' valid Rescission Notice.  Defendants cite *Tucker v. Beneficial Mortg. Co.* and this case described the same substantive provision:  ["A plaintiff is similarly bound by a one (1) year statute of limitations when he brings an action for damages based on a refusal to honor a valid rescission notice.  *Malfa v. Household Bank,* 825 F.Supp. 1018, 1020 (S.D.Fla.1993)"]

In other words, their argument fails because the three-year (3) period limits only the Plaintiffs' right to rescind, not the Plaintiffs right to seek judicial enforcement of the rescission.  Accordingly, Plaintiffs' valid Rescission Notice asserted their rescission right on October 1, 2009, within the three-year (3) period.

If these Defendants fail to lawfully respond to Plaintiffs' valid Rescission Notice, and they did, Plaintiffs would have one year to file suit.  A number of other courts have also so ruled.  *See Williams v. EMC Mortg. Corp., (In re Williams),* 276 B.R. 394 (Bankr. E.D. Pa. 2002)(3-year period limits time for exercising right of rescission, not time for commencing suit); *.Miguel v. Country Funding Corp.,* 309 F.3d 1161, 1165 (9th Cir. 2002); *In re McNinch,* 250 B. R. 848 (W.D. Pa. 2000), *aff'd without op.,* 281 F.3d 222 (3rd Cir 2001); *Ralls v. Bank of New York (In re Ralls),* 230 B. R. 508 (Bankr. E.D. Pa. 1999) (rescission claim allowed

where notice of rescission sent within three years and suit filed less than one year

later, even though suit was filed outside three-year period).

Clearly Plaintiff's valid Rescission notice is timely and Defendants failed to

honor that notice, failed to seek judicial guidance under federal law, constituting a

timely rescission claim in Count 1.  See 15 U.S.C. § 1635(b); Reg. Z §

226.23(d)(1), (2), (3), and (4) for guidance on Defendants' obligation upon receipt

of a rescission notice.

Further, in *Mount v. LaSalle Bank Lake View*, 886 F. Supp. 650 (ND Ill.

1995), the court allowed a debtor to sue a creditor for damages because the creditor

failed to respond to his request for rescission, even though the complaint was filed

more than one year after TILA violations allegedly occurred after the loan

consummation.  The court reasoned that because rescission is allowed up to three

years after loan consummation in some circumstances, under 15 U.S.C. § 1635(f),

a suit for damages for the creditors failure to cancel the loan also must be allowed.

*Mount v. LaSalle Bank Lake View*, 886 F. Supp. 650 (ND Ill. 1995) (One-year

limitations period in TILA § 130(e) does not apply to damage claims for creditor's

failure to rescind; three-year period in TILA § 125(f) presumably applies).

Because these allegations are present, well pleaded and sufficiently stated in the

Complaint, they are taken as true.

## II.   Application of Statutory and Actual Damages Are Not Time Barred as a Matter of Defense by Recoupment & Set-off

Defendants contend that Plaintiffs cannot recover their relief because under 15 U.S.C. § 1640(e), Plaintiffs' statutory and actual damage claims are time barred. Under section 1640(e) it is clear that recoupment claims are not barred by the otherwise applicable one year statute of limitations for TILA damage causes of action. Missing from Defendants' analysis is a basic understanding of the concept of recoupment, and its limits. Recoupment is a well-established device of common law origin that enables a party to set-off against asserted liability, whether a claim or counterclaim, arising out of the transaction forming the basis for the suit, which is otherwise time barred. *Reiter v. Cooper*, 507 U.S. 258, 264, 113 S.Ct. 1213, 122 L.Ed. 2d 604, 615 (1993).

Recoupment survives as long as the cause of action on the note exists. *Dawe v. Merchants Mortg. and Trust Corp.*, 683 P.2d 796, 799 (Colo. 1984); *In re Shaw*, 178 B.R. 380, 386 (Bankr. D.N.J. 1994)("Recoupment claims at common law are limited to the extent of the plaintiff's claim and can never result in an affirmative recovery for the defendant.") The availability of recoupment in contract based cases has been repeatedly recognized and endorsed by the Supreme Court. *Bull v. United States*, 295 U.S. 247, 262, 55 S.Ct. 695, 79 L.Ed. 1421, (1935):

> [R]ecoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded. Such a defense is never barred by the statute of limitations so long as the main action itself is timely.

7

Similarly, the Eleventh Circuit interpreted the decision in *Bull* to establish a three part test for recoupment: "[the claimant] must show that (1) the TILA violation and the creditor's debt arose from the same transaction, (2) [the claimant] is asserting her claim as a defense, and (3) the main action is timely." *Id.*, quoting *Smith v. Am. Fin. Sys., Inc.* (*In re Smith*), 737 F.2d 1549, 1553 (11th Cir. 1984). The same conclusion was reached in *In re McNinch*, 250 B. R. 848 (W.D. Pa. 2000), *aff'd without op.*, 281 F.3d 222 (3rd Cir 2001); See also *Maddox v. Kentucky Finance Co.*, 736 F.2d 380, 382 (6th Cir. 1984)

The statute is explicit that the defensive rescission rules operate irrespective of whether the threatened foreclosure is a judicial or non-judicial one, 15 U.S.C. § 1635(i)(1), (2), see *Layell v. Home Loan & Investment Bank*, 244 B.R. 345 (E.D. Va. 1999) (applying $35 tolerance in suit challenging non-judicial foreclosure), *app. dismissed as interlocutory*, 211 F.3d 1265 (4th Cir. 2000). Furthermore, in states with non-judicial foreclosure systems, and even prior to the 1995 amendments to TILA, the courts were nearly unanimous in holding that a homeowner defending against a foreclosure, whether judicial or non-judicial, could raise a recoupment claim. Recoupment rights do not depend upon the happenstance of whether the Plaintiffs live in a judicial or non-judicial foreclosure state. Accordingly, to the extent that an argument can be made that recoupment is available, it should be unaffected by whether the foreclosure is judicial or non-

8

judicial.  Because these allegations are present, well pleaded and sufficiently stated in the Complaint, Defendants motion to dismiss must fail as a matter of law.

### III.   The Detrimental Reliance Or Fraud Standard Is Not A Pleading Element To A TILA Rescission Claim

Defendants argue that Plaintiffs have not pleaded facts that show detrimental reliance, causation, or injury as a prerequisite to recover actual damages.  This argument is fundamentally wrong and contrary to the remedial nature of TILA. The elements to a TILA claim merely require that the transaction is a consumer credit transaction, where a non-purchase money lien or security interest is taken in the Plaintiffs' home.  These factually defined terms are already sufficiently stated, identified in italics, and contrary to Defendants position.  Moreover, the rules are designed specifically to minimize disputes over pleading technicalities.  Pleadings of *pro se* litigants are held to even less rigid standards than those drafted by attorneys. [*Haines v. Kerner* (1972) 404 US 519, 520, 92 S. Ct. 594, 596]

Accordingly, Plaintiffs have sufficiently stated their actual damages.  For example, if these Defendants fail to honor a valid rescission notice and fully comply with federal law by providing a credit to Plaintiffs' account, then Plaintiffs have an actual damage to the extent of their failure to credit the account. Otherwise, Defendants must persuade this Court to follow a common law fraud standard and show detrimental reliance to obtain actual damages.  The development of the detrimental reliance standard began years ago with two early

class actions, *McCoy v. Salem Mortgage Co.*, 74 F.R.D. 8 (E.D. Mich. 1976), and

*Vickers v. Home Federal savings & Loan Association*, 404 N.Y.S. 2d 201 (App.

Div. 1978). Some Circuits have borrowed this common law fraud standard, and

Plaintiffs must deal with this required argument in at least the Fifth, Eighth, Ninth,

and Eleventh Circuits. Nevertheless, importing a fraud reliance standard is at odds

with TILA's mandate of liberal construction in favor of the Plaintiffs. This

cardinal principle applies to TILA's remedies and its substantive provisions

equally. In the present action, Plaintiffs claim for actual damages arises from

Defendants' wrongdoing. An interpretation that unnecessarily burdens Plaintiffs'

case benefits the wrongdoer and undermines the remedial purpose of the law. A

reliance standard ignores the broad thrust of TILA. The federal statute contains no

mention of a reliance standard, and nothing in the legislative history suggests that

Congress had reliance in mind when it added actual damages to the Act. To the

contrary, the remedial purpose of TILA and the implicit standards argue for a

liberal, not restrictive application of the actual damage remedy. Where the fact of

injury in this case is adequately shown, the Court should not cavil at the absence of

specific or detailed proof of damages, i.e., as a general rule, damages need not be

proven with mathematical accuracy.

### IV.   Plaintiffs Admit Receiving A "Single" Unsigned TILA Disclosure Statement In A Form They Both May Keep

Plaintiffs specifically admitted they received the single unsigned TILA

Disclosure Statement, though they are entitled to two total copies under 15 U.S.C. § 1602(u); Reg. Z § 226.23(a)(3)n.48. It is quite a contradiction that Defendants now would argue the three-year extended rescission right under 15 U.S.C. § 1635(f); Reg. Z § 226.23(a)(3) and yet argue against this substantive provision in their first paragraph under "Argument" at page 4. In addition, astonishingly Defendants now present a purported signed "Exhibit A" that contradicts Plaintiffs' allegations. Their copies of signed disclosure exhibits is exactly the type of deception and deceit imposed on borrowers that is so prevalent in the mortgage industry. For example, the *material* disclosures presented in Plaintiffs' claim are all unsigned, see Complaint ¶ 13(c), and (f), Ex. 2. Still urging, disclosures under TILA's general standards must be written and provided to the Plaintiffs in a form they can keep, Reg. Z § 226.17(a)(1). According to Defendants' argument, it is disclosure to the creditor in a form they kept.

In light of this documentary evidence, Plaintiffs may now have a claim for fraudulent concealment. If the Plaintiffs signed an acknowledgement of receipt, though not present in their disclosures, it creates a *rebuttable* presumption of delivery. 15 U.S.C. § 1635(c); *Cooper v. First Gov't. Mortg. & Investors Corp.*, 238 F. Supp. 2d 50 (D.D.C. 2002); *Williams v. BankOne*, (*In re Williams*), 291 B.R. 636 (Bankr. E.D. Pa. April 3, 2003). Since such a document is produced by the Defendants, the burden is on the Plaintiffs to prove non-receipt. Plaintiffs now

seek to overcome the presumption and face a "low burden." *Cooper v. First Gov't. Mortg. & Investors Corp.*, 238 F. Supp. 2d 50 (D.D.C. 2002). In this action, Plaintiffs may rely on documentary evidence, testimony, or both to rebut the presumption. *Payne v. Equicredit Corp.*, 2002 WL 1018969, 2002 U.S. Dist. LEXIS 8919 (E.D. Pa. May 20, 2002). An example of the type of evidence which can rebut the presumption is found in *In re Underwood*, 66 B.R. 656 (Banr. W.D. Va. 1986); *Williams v. BankOne*, (*In re Williams*), 291 B.R. 636 (Bankr. E.D. Pa. April 3, 2003). Plaintiffs will provide under oath statements and testimony regarding the disclosures already attached to their Complaint to rebut the presumption of delivery. Whether the Plaintiffs received the mandated disclosures is a disputed question of fact that will survive a motion to dismiss their rescission claim.

### V.   Plaintiffs Rescission Claim Does Not Require Allegation Elements That They Are Ready, Willing And Able To Tender

Plaintiff's valid rescission notice already surrendered the value of the Property, requested an accounting so that they could tender any balance and extinguish the Transaction by operation of law; (See Complaint ¶ 27, Ex. 3, and ¶ 35). Moreover, the elements to a TILA claim do not require allegations that Plaintiffs are ready, willing and able to tender. In order for a TILA rescission to claim to exist Plaintiffs allegations merely require that they state the transaction is a consumer credit transaction, where a non-purchase money lien or security

interest is taken in the Plaintiffs' home.  These factually defined elements are

already sufficiently stated, identified in italics, and contrary to Defendants position.

Defendants present no binding authority that a rescission claim must state such a

requirement.  In the case *Velazquez v. Homeamerican Credit, Inc.*, 254 F.Supp. 2d

1043 (N.D. Ill 2003), the court stated: "creditor may not unilaterally impose its

will on the process and demand tender as a condition of rescission."  The law is

designed to be self-enforcing, i.e., cancellation of the security interest occurs by

operation of law upon Plaintiffs' rescission notice.  Once they rescinded, the

statute and regulation specify the 3 sequential steps that MUST be followed.

Accordingly, "The courts, at any time during the rescission process, may impose

equitable conditions to ensure that the consumer meets its obligations *after* the

creditor has performed his obligations as required under the act."  S. Rep. No. 368,

96th Cong., 2d Sess. at 29, reprinted in 1980 U.S.C.C.A.N. 236, 265; [emphasis

added].  Besides, Plaintiffs are quite willing to tender an accurate mathematical

accounting balance that returns the parties to a *status quo ante*, even by refinancing

or actual sale of their home.  Despite such rhetoric by these Defendants, Plaintiffs

suggest granting a "continuing" security interest or a substitute security instrument,

but only on the amount remaining after deducting interest, fees, and charges, and

allowing recoupment of statutory damages, see e.g. *In re Lynch*, 170 B.R. 26

(Bankr. D. N.H. 1994).

13

## VI.    MERS And Its Assignee Liability Is A Question Of Fact

It is true that Plaintiffs' right to rescind a transaction under TILA is unaffected by an assignment. Truth in Lending Act, §§ 125(a, f), 131(c), 15 U.S.C. §§ 1635(a, f), 1641(c); Reg. Z § 226.23(a)(3)  A rescission action may be brought against an assignee, regardless of whether the assignee is a "creditor" or whether the violation was apparent on the face of the disclosure statement under 15 U.S.C. § 1641(c).

Where there has been a series of assignments, each assignee is liable and its liability is joint and several with the original creditor.  Any assignee would be liable even though it only owned the obligation for a brief period under 15 U.S.C. § 1641(e) for transactions secured by real property.  Likewise, rescission is allowed against "any assignee" under 15 U.S.C. § 1641(c).

These Defendants argue that TILA provisions only regulate the conduct of "creditors" and their "assignees."  However, they argue that the Court should disregard the stated representational status of MERS on the security instrument as a "Nominee for Lender, its Successors or Assigns," and then proceed to discuss in their footnote why the allegation is "self-contradicting."  The MERS system has introduced numerous litigation problems while they circumvent public policy and state regulatory conveyance requirements.  The problem with their self serving analysis is that it is difficult for Plaintiffs to determine the identity of the current

note holder or "true owner."   Defendants further elaborate how this Court should adopt a rational that MERS has no liability.  Whether MERS is subject to liability under TILA; Reg. Z or under the rules for assignee liability is a question of fact that will survive a Rule 12(b)(6) motion to dismiss.

Otherwise, Plaintiffs are required to join all persons "needed for just adjudication" as parties to the Complaint, or allege why they are not joined; FRCP 19(a), (c).  In this case, naming MERS prevents the misjoinder of parties, or failure to join an "indispensable party," or failure to join a "necessary party," all having a pecuniary interest in the outcome and essential to complete adjudication of this claim.  Even though the Plaintiffs' allegations have indicated that MERS was not involved in the initial mortgage loan and had no responsibility to provide TILA; Reg. Z disclosures, it is reasonable to infer that they have some stake in the outcome of this proceeding.

Accordingly, all persons who may claim an interest in the subject of this action must be joined even if Plaintiffs' claim is invalid: "Just adjudication of claims requires that courts protect a party's right to be heard and to participate in adjudication of a claimed interest, even if the dispute is ultimately resolved to the detriment of that party." *Shermoen v. United States* (9th Cir. 1992) 982 F2d 1312, 1317; FRCP 19(a)(2).

Each Defendant in defiance of federal law refused to disclose their status

15

and ownership when Plaintiffs sent a valid Rescission Notice and QWR under 12 U.S.C. § 2605(e)(1)(B), [see Complaint Exhibit 3; "Please provide the name, address, and phone number of the true owner of this obligation pursuant to 15 U.S.C. § 1641(f)(2) and describe your relationship to this entity."]. Assuming, *arguendo*, that the Complaint "baldly" concludes MERS as the assignee, Plaintiffs may be permitted to proceed with an assignee liability claim against MERS when they refuse to reveal the identity of the actual holder or assignee pursuant to Plaintiffs' QWR and to this extent become a "functional holder," see e.g., *Brown v. Mortgagestar*, 194 F. Supp. 2d 473 (S.D. W. Va. 2002). Accordingly, MERS is properly joined under the rules and because their refusal to disclose their status is so intertwined with the rights of the original lender that it defies a clear separation of interests.

**VII.   Plaintiffs RESPA Claims Sufficiently State Specific Facts**

Plaintiffs have alleged very specific facts under section 2605 of RESPA, the Cranston-Gonzales National Affordable Housing Act, Pub. L. No. 101-625, 104 Stat. 4079 (1999), also known as the "Servicer Act." Countrywide's obligation to respond to Plaintiffs' inquiry is triggered by its receipt of the QWR. According to Countrywide's argument, the October 1, 2009 letter was not a QWR and this assessment relieves them of their obligation. To qualify as a QWR, the inquiry must be a written correspondence, include the Plaintiffs' name and account, or

provide sufficient information to enable Countrywide to identify the name and account number.  The written inquiry must be treated as a QWR if it includes the 1) "reasons for the belief of the borrower, to the extent applicable, that the account is in error," or 2) "provides sufficient detail to the servicer regarding other information sought by the borrower.  While Plaintiffs' inquiry can do both, dispute Countrywide's action or seek information, either request alone can be a QWR. The condition for treatment as a QWR in this case is easily met, see e.g., *McDonald v. Wash. Mut. Bank*, 2000 U.S. Dist. LEXIS 11496 (N.D. Ill. June 26, 2000)("§ 2605(e)(1)(B) does not require much for a correspondence to constitute a 'qualified written request'").

An examination of Plaintiffs' QWR, (Complaint Ex. 3), is consistent with these elements.  For example, the QWR is written, a) specifically identifies the Plaintiffs and their account number, b) requests an accounting, c) seeks information regarding the true owner of this obligation, d) enumerates requests regarding application of previous principal and interest payments pursuant to the loan terms, and e) disputes the continued application of finance charges and any other charges applied to the account due to rescission.  Clearly these simple requests are servicer related activities and Plaintiffs' QWR meets every element including sufficient detail regarding information sought by the Plaintiffs, see Complaint ¶ 28. Countrywide's counsel must convince this Court that Plaintiffs' QWR is analogous

to "an enormous amount of information, and [was] more akin to a discovery demand than a qualified written request." This argument is fundamentally inconsistent with the remedial and strict statutory compliance with RESPA disclosures notwithstanding Countrywide's intentional refusal to fully comply with a simple inquiry. Moreover, Plaintiffs' claim is satisfied at this stage of the proceeding because it complies with the Rule 8(a)(2) standard, i.e., "a short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement is adequate so long as it "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 512 (quoting *Conley*, 355 U.S. at 47)

In *Scocca v. Cendant Mortgage Corp*, 2004 U.S. Dist. LEXIS 22955 (ED Pa. Nov. 8, 2004), the court granted a motion to dismiss because the plaintiff simply alleged a violation of RESPA's inquiry response provision without asserting that he had sent a qualified written request. In *James v. Olympus Servicing*, L.P., 2002 U.S. Dist. LEXIS 19887 (ND Ill. Oct. 9, 2002), a U.S. district court required plaintiff to amend her complaint to include specific allegations in her RESPA count that she had requested an account history and documentation of all disbursements other than for principal, interest, and late charges, and that the defendant has failed to acknowledge or respond to this request within 20 days. In the case at bar, Plaintiffs' Complaint § 55, it specifically states: "Countrywide

violated RESPA, 12 U.S.C. § 2605(e)(2)(A), by failing to make appropriate corrections to the Plaintiffs' account in response to the QWR and valid rescission notice, including the crediting of any late charges or penalties, and failing to transmit written notice of such corrections to Plaintiffs." This allegation is well supported by Countrywide's intentional refusal documented with specificity in Plaintiffs' Complaint ¶ 29, Exhibit 4, and ¶ 32.

Still urging contrary to Countrywide's position, a federal district court in Kansas found that a servicer violated Section 6 by failing to fully respond to the questions contained in a plaintiff's "qualified written request." While the servicer responded within 60 days, and the plaintiff's letter was not "a model of clarity and conciseness," (1) it was not apparent from the servicer's response that it had conducted an investigation into the plaintiff's inquiries, and (2) the response did not respond to the bulk of the inquiries. *Holland v. GMAC Mortgage Corp.*, 2006 U.S. Dist. LEXIS 25723 (D. Kan. Apr. 26, 2006). Accordingly, these cases are consistent with the remedial nature and strict liability of RESPA and defeat Countrywide's misplaced arguments.

Plaintiffs' RESPA claim was indeed filed before the expiration of the sixty days (excluding holidays, Saturdays, and Sundays) requiring a substantive response. As a result thereof, any advocacy advancing the specific allegations inconsistent with this parameter would be contrary to the signed certificate of merit, and Rule 11.

However, Plaintiffs' QWR does qualify as such and Countrywide's response to it intentionally refuses to cease collection, and is intentionally unlawful, improper, unfair and deceptive. Their response is inadequate according to section 2605 of RESPA.

## **Conclusion**

For all the foregoing reasons, Plaintiffs request the Court deny Defendants' motion to dismiss. Accordingly, these Defendants should be required to answer the Complaint forthwith, and retain the case on the Court's docket. In the alternative, if the Court determines Plaintiffs have failed to sufficiently state a claim, Plaintiffs ask the Court to grant leave to amend the Complaint in a manner that corrects all such defects or elements.

February 29, 2010

Prepared and Signed by

Alf H. Hendricksen
2975 White Oak Lane
Charlottesville, Virginia 22911
(434) 973-7001
alfhenry@gmail.com

Evelyn G. Hendrickson
2975 White Oak Lane
Charlottesville, Virginia 22911
(434) 973-7001
alfhenry@gmail.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Plaintiff's Memorandum in Support of Plaintiffs' Opposition to Defendants' Motion to

Dismiss was filed with the clerk in the U.S. District Court, Western District of Virginia, Charlottesville Division, and was sent via U.S. Mail postage prepaid to the following interested parties:

McGuire Woods LLP
Attn.:  Bryan A. Fratkin
One James Center
901 East Cary Street
Richmond, Virginia 23219

Attorney(s) for Defendants Countrywide and MERS

Date: ~~February 29~~, 2010
       *MARCH 2,*

Alf H. Hendricksen
2975 White Oak Lane
Charlottesville, Virginia 22911
(434) 973-7001

21