| | |
|---|---|
| ALF H. HENDRICKSEN and EVELYN G. HENDRICKSEN, *Plaintiffs,* | CASE NO. 3:09-cv-00082 |
| v. | MEMORANDUM OPINION |
| COUNTRYWIDE HOME LOANS, ET AL., *Defendants.* | JUDGE NORMAN K. MOON |

This matter is before the Court upon Defendants' Motion to Dismiss and Memorandum in support thereof, filed February 18, 2010 (docket nos. 14 and 15), and the subsequent filings in relation thereto, upon the Court Order issued May 6, 2010 converting the Motion to Dismiss into a Motion for Summary Judgment (docket no. 34), and upon Defendants' Memorandum in Further Support of Motion for Summary Judgment, filed May 27, 2010 (docket no. 35). For the following reasons, the Court will grant Defendants' Motion for Summary Judgment, in an accompanying Order, to follow.

I. BACKGROUND

Plaintiffs Alf H. Hendricksen and Evelyn G. Hendricksen (hereinafter "Plaintiffs") are the owners of 2975 White Oak Lane, Charlottesville, Virginia 22911 (hereinafter "the Property"), which is their primary residence. On October 13, 2006, Plaintiffs executed an adjustable rate mortgage with NetBank, F.S.B., which was a refinancing of a previous mortgage. As a result of this refinancing, Plaintiffs received approximately $19,000 in cash. At closing, Plaintiffs state that they received copies of the following documents:

1. An Adjustable Rate Note
2. A deed of trust security instrument with Adjustable Rate Rider, and attached thereto a "Re-Record to Change Trustee's Name"
3. A single copy of a Truth in Lending Disclosure Statement
4. An Itemization of Amount Financed
5. A HUD-1 Settlement Statement, and an Addendum to HUD-1 Settlement Statement
6. Six unsigned copies of Notice of Right to Cancel
7. A Private Mortgage Insurance Disclosure
8. An Arbitration Agreement
9. Closing Instructions

*See* Verified Complaint, at ¶ 13 and accompanying Exhibit 2.

The only deficiency that Plaintiffs have alleged relating to the closing is that they received a single unsigned copy of a Truth in Lending Disclosure Statement, instead of the two copies to which they were allegedly entitled. *See* Verified Complaint, at ¶¶ 13, 19-23. Plaintiffs contend that as the TILA Disclosure Statement is a material disclosure under 15 U.S.C. § 1602(u) and 12 C.F.R. § 226.23(a)(3) n.48, the failure to provide sufficient copies thereof consequently extended the time period for Plaintiffs' right to rescind from three days to three years under 15 U.S.C. § 1635(f). *See* Verified Complaint, at ¶¶ 25-26. On that basis, on October 1, 2009, Plaintiffs sent a letter which they characterize as "a timely valid Rescission Notice and qualified written request ('QWR') as that term is defined under 12 U.S.C. § 2605(e)(1)(B) to all known interested Parties." *See* Verified Complaint, at ¶ 27, and accompanying Exhibit 3. On October 15, 2009, Plaintiffs received a response from Bank of America Home Loans, stating that Plaintiffs' "loan remains in full force and effect," and that "it is Bank of America's position that the terms and conditions of the loan were adequately disclosed to you at the time your loan was originated." Verified Complaint, Exhibit 4.

On December 16, 2009, Plaintiffs brought suit against Countrywide Home Loans, Inc., (hereinafter "Countrywide") and Mortgage Electronic Registration Systems, Inc. (hereinafter "MERS"), alleging violations of the Real Estate Settlement Procedures Act of 1974 (hereinafter

"RESPA") and the Truth in Lending Act of 1968 (hereinafter "TILA"). In Count One ("Failure to Rescind under TILA & Reg. Z Against All Defendants"), Plaintiffs allege that "[a]s a result of Defendants failure to provide accurate *material* disclosures in a form Plaintiffs may keep, Plaintiffs are entitled and have exercised their substantive right to rescind the Transaction." Verified Complaint, at ¶ 39 (emphasis in original). Because Defendants did not treat Plaintiffs' rescission notice as entitling them to the right to rescind, Plaintiffs seek statutory damages, actual damages, an order of rescission and reasonable attorney's fees. *See* Verified Complaint, at ¶ 49. In Count Two ("TILA; Reg. Z Recoupment Claims Against All Defendants"), Plaintiffs seek "recoupment of statutory and actual recoveries under 15 U.S.C. § 1640(e), and a reasonable attorney fee" also based upon the failure to provide the necessary number of accurate material disclosures. *See* Verified Complaint, at ¶¶ 51-52. In Count Three[1] ("RESPA Claims Against Countrywide"), Plaintiffs allege that Defendants violated RESPA by failing make the necessary corrections to Plaintiffs' account and by failing to cease their collection efforts after receiving Plaintiffs' alleged QWR and valid rescission notice. *See* Verified Complaint, at ¶¶ 53-58. Like Counts One and Two, the factual predicate underlying Count Three is that Plaintiffs' letter was, in fact, a *valid* rescission notice, based upon their alleged failure to receive all material disclosures at closing.

Defendants filed their Motion to Dismiss on February 18, 2010 (docket nos. 14 and 15). Defendants argued, *inter alia*, that the Court should grant the Motion to Dismiss because Plaintiffs had acknowledged in the loan documents receipt of the required number of TILA Disclosure Statements. First, each Plaintiff had signed the TILA Disclosure Statement, and just above their respective signatures was the statement that: "The undersigned further acknowledge receipt of a copy of this Disclosure for keeping prior to consumation." Second, each Plaintiff had signed a

---

[1] Erroneously identified as Count Two in the Complaint. *See* Verified Complaint, at 13.

separate Notice of Right to Cancel, which represented that: "I hereby acknowledge that the transaction identified on the face of this Notice was consummated and that I have received one (1) copy of the Federal Truth in Lending Disclosure and two (2) copies of this Notice." Defendants argue that according to the signatures on these three documents, each Plaintiff has *individually* represented that they received a TILA Disclosure Statement. Therefore, Defendants argue that "[i]n light of this documentary evidence, Plaintiffs have no grounds for extending their rescission period from three days to three years." Defendants attached these documents to their Memorandum in Support of Motion to Dismiss. *See* docket no. 15, Exhibit A. In response thereto, Plaintiffs filed their Objections to Defendant's [sic] "Documentary Evidence" in its Rule 12(b)(6) Motion (docket no. 28), which argued, *inter alia*, that they "hereby dispute and object to this exhibit because *it is not an authentic disclosure provided to the Plaintiffs* in a form they may keep and thus it has no probative value." (Emphasis added).

After the Motion to Dismiss was fully briefed, the Court held a hearing on May 3, 2010. As Plaintiffs' causes of action are entirely predicated upon the factual question of whether they had received the appropriate number of TILA Disclosure Statements at closing, the Court afforded Plaintiffs numerous opportunities at the hearing to articulate *why* they had represented that the documents Defendants attached to their Motion to Dismiss were not authentic. In response, Plaintiffs did not allege that the documents were in any way forged, but instead stated that they could not say, with complete certainty, that the signatures were theirs.

In another attempt to provide Plaintiffs with every opportunity to substantiate their claim that they had not received the appropriate number of TILA Disclosure Statements, the Court converted Defendants' Motion to Dismiss into a Motion for Summary Judgment and included the following language in its Order:

It appearing to the Court at present that there may be no genuine issue as to the material fact underlying the factual basis of the Complaint, namely as to whether Plaintiffs received two copies of the Federal Truth in Lending Disclosure, it is hereby ORDERED as follows:

1. Plaintiffs shall have thirty (30) days from the issuance of this Order to proffer <u>any evidence</u> supporting their contention that (A) they did not receive the required number of TILA disclosures; (B) the documentation attached by Defendants to their Memorandum in Support of Motion to Dismiss is not authentic; and (C) any other issue of fact deemed materially relevant in support of their Complaint.

Order dated May 6, 2010 (docket no. 34) (emphasis in original).

To date, Plaintiffs have not responded to this Order. On May 27, 2010, Defendants filed a memorandum in further support of their Motion for Summary Judgment, which reasserted certain arguments previously raised, and attached thereto a Declaration of John P. Relihan, Vice President in the Workout Strategies Group of Countrywide Home Loans, Inc. (hereinafter "Relihan Declaration"), as well as a Declaration of William C. Hultman, Senior Vice President of MERSCORP, Inc. and Secretary and Treasurer of MERS (hereinafter "Hultman Declaration"). Defendants' Motion for Summary Judgment is now ripe for disposition.

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 56(c) provides that a court should grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986). To preclude summary judgment, a factual dispute must not only be material, but also "'genuine,' that is, if the evidence is

such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see also JKC Holding Co. v. Washington Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). However, if the evidence of a genuine issue of material fact "is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 250.

In considering a motion for summary judgment under Rule 56, a court must view the record as a whole and draw all reasonable inferences in the light most favorable to the nonmoving party. *See e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24, 106 S.Ct. 2548 (1986); *In re Apex Express Corp.*, 190 F.3d 624, 633 (4th Cir. 1999); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). If the nonmoving party bears the burden of proof, "the burden on the moving party may be discharged by 'showing' . . . an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. If the moving party shows such an absence of evidence, the burden shifts to the nonmoving party to set forth specific facts illustrating genuine issues for trial. *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324. Summary judgment is appropriate if, after adequate time for discovery, the nonmoving party fails to make a showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The nonmoving party cannot defeat a properly supported motion for summary judgment with mere conjecture and speculation. *See Glover v. Oppleman*, 178 F.Supp.2d 622, 631 (W.D. Va. 2001) ("Mere speculation by the non-movant cannot create a genuine issue of material fact." (citing *Cox v. County of Prince William*, 249 F.3d 295, 299 (4th Cir. 2001)). Indeed, the trial judge has an "affirmative obligation" to "prevent 'factually unsupported claims and defenses' from proceeding to trial." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting *Celotex*, 477 U.S. at 317).

Consumers who engage in credit transactions using their principal dwelling as a security interest have the right to rescind the transaction within a three-day period. 12 C.F.R. § 226.23(a). However, where the lender does not give the consumer the material disclosures and notice of right to rescind, the consumer's right to rescind is extended from a three-day period to a three-year period. 15 U.S.C. § 1635(f). Plaintiffs argue, as they must, that they had a three-year period in which to rescind the transaction because the lender did not provide them all material disclosures. *See* Verified Complaint, at ¶ 26.

All of Plaintiffs claims, whether pursuant to TILA, Reg. Z, or RESPA, are based upon the factual predicate that they did not receive the appropriate number of TILA Disclosure Statements at closing. *See* Verified Complaint, at ¶¶ 39, 52, 54. As a result thereof, Plaintiffs allege that they were entitled to exercise their right to rescind the transaction, and that this right was exercised pursuant to a "valid rescission notice." *See* Verified Complaint, at ¶¶ 39, 44, 52, 55. Furthermore, all of Plaintiffs claims are based upon Defendants' alleged failure to lawfully respond to Plaintiffs' "valid rescission notice." *See* Verified Complaint, at ¶¶ 44-48, 52, 54-58. However, all of Plaintiffs claims must fail, because there is no genuine issue of material fact that Plaintiffs received the required number of TILA Disclosure Statements at closing.

A presumption of delivery of the required disclosures has arisen in favor of Defendants. *See* 15 U.S.C. § 1635(c). Plaintiffs Alf Hendricksen and Evelyn Hendricksen each signed a separate Notice of Right to Cancel at closing, which provides, just above the signature line, as follows: "Receipt of Notice. I hereby acknowledge that the transaction identified on the face of this Notice was consummated *and that I have received one (1) copy of the Federal Truth in Lending Disclosure and two (2) copies of this Notice*." *See* docket no. 15, Exhibit A (emphasis added). Furthermore,

Plaintiffs each signed a single copy of the Truth in Lending Disclosure Statement at closing, which provides, just above their respective signatures, as follows: "The undersigned further acknowledge receipt of a copy of this Disclosure for keeping prior to consummation." *See* docket no. 15, Exhibit A. Plaintiffs, by their respective signatures on these documents, have represented that each Plaintiff *individually* received a TILA Disclosure Statement.

Although Plaintiffs previously had questioned the authenticity of these documents, at the hearing on May 3, 2010, in response to the Court's questions, Plaintiffs revised their position to state, in effect, that they could not say, with complete certainty, that these signatures were theirs. The Court gave Plaintiffs a further opportunity to substantiate their claims that they had not received the appropriate number of TILA Disclosure Statements, or that the documents submitted by Defendants were not authentic. Plaintiffs have not availed themselves of this opportunity.

At root, the Court is confronted with a bald assertion by Plaintiffs, unsubstantiated by any evidence or documentation, that they did not receive the appropriate number of TILA Disclosure Statements at closing. This is plainly insufficient to overcome the presumption that has arisen, by operation of TILA, that Plaintiffs received all required disclosures. *See e.g.*, *Bonanno v. Sec. Atl. Mort. Co., Inc.*, No. 07-cv-4071, 2010 WL 2134155, at *5 - *6 (E.D.N.Y. May 26, 2010) (holding that where plaintiff did not argue that his signature on the Notice of Right to Cancel form was procured by some form of misrepresentation, his later "bald denials of the statements he earlier adopted by signing his name do not create any issue for a fact-finder to resolve, and summary judgment for defendants is proper on this claim"); *Sias v. Washington Mut. Bank, FA*, No. 3:10-cv-43, 2010 WL 2103448, at *4 (E.D. Tenn. May 20, 2010) (holding that plaintiffs' written acknowledgment of receipt of the Notice of Right to Cancel and Truth in Lending Disclosure Statement "creates a rebuttable presumption of delivery thereof," and that "plaintiffs' averments that

they did not receive this disclosure are insufficient to overcome this presumption"); *Deutsche Bank Nat. Trust Co. v. Lacapria*, Civil Action No. 08-2174, 2010 WL 715617, at *3 - *4 (D.N.J. March 1, 2010) (holding that defendant-homeowners' "testimony that they did not remember getting such forms is insufficient to rebut this presumption," and granting summary judgment for plaintiff mortgage company); *Diana I Am v. Nat'l City Mort. Co.*, Civ. No. 09-00060, 2010 WL 571936, at *5 (D. Haw. Feb. 17, 2010) ("Although at the hearing on the present motions, [the plaintiff] questioned whether she had indeed received the Notice of Right to Cancel at closing, her very uncertainty dooms any attempt to overcome the presumption of receipt, especially given her prior sworn assertion.").

In other words, all Plaintiffs have offered against Defendants' Motion for Summary Judgment is mere speculation that they did not receive the required number of TILA Disclosure Statements, which cannot create a genuine issue of material fact. *See Glover*, 178 F.Supp.2d at 631. Because there is no genuine issue of material fact that Plaintiffs received all required disclosures at closing, Plaintiffs only had three days in which to rescind the transaction, and Plaintiffs attempt to rescind on October 1, 2009 (just under three years from the October 13, 2006 closing) was not timely and therefore of no effect. Therefore, the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that Defendants are entitled to judgment as a matter of law, as all of Plaintiffs claims, whether grounded in TILA, Reg. Z or RESPA, are predicated upon their not having received the appropriate number of TILA Disclosure Statements at closing. *See* Fed. R. Civ. P. 56(c).

## IV. CONCLUSION

Accordingly, for these reasons, the Court will grant Defendants' Motion for Summary Judgment, in an accompanying Order, to follow.

The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and the accompanying Order to Plaintiffs, and to all counsel of record. The Clerk of the Court is further directed to strike this action from the Court's docket.

Entered this 23rd day of June, 2010.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE